IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-93-BR

| | | |
|---|---|---|
| JOYCE LONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| GE CAPITAL RETAIL BANK, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This cause comes before the Court upon the Defendants' motion to stay discovery. (DE-19). Plaintiff has not responded to this motion and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication.

In this motion, Defendants request that all discovery be stayed during the pendency of their motion to dismiss. Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue orders limiting or staying discovery. Specifically:

> A court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions. Tilley v. United States, 270 F, Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed. Appx. 333 (4th Cir. 15 Jan. 2004), *cert denied*, 543 U.S. 819 (2004). Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motions. *See id.* at 735; Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1998). Conversely, discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion. Tilley, 270 F. Supp. 2d at 734; Simpson, 121 F.R.D. at 263.
>
> Yongo v. Nationwide Affinity Ins. Co. of America, 2008 WL 516744 (E.D.N.C. 2008), at *2 (footnote omitted).

Moreover, a stay of discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." U.S. v. A.T. Massey Coal Co., 2007 WL 3051449 (S.D.W.Va. 2007)(*quoting*, Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D.C. Del. 1979)).

Defendants allege that Plaintiff's Complaint fails to state a claim for relief. (DE's 17-18). As previously noted, Plaintiff has lodged no objection to a discovery stay. Because the motion to dismiss challenges the sufficiency of the Complaint on its face, it is not necessary for Plaintiff to gather facts in defense of the motion. For these reasons, the undersigned finds that Defendants have demonstrated good cause for their request, and therefore the instant motion to stay discovery (DE-19) is GRANTED. All discovery— including, *inter alia*, the requirements of Rules 26(a) & (f) of the Federal Rules of Civil Procedure—in this matter is stayed until Defendants' motion to dismiss (DE-17) is ruled upon. If Defendants' motion is denied, the parties shall, within 15 days thereafter, confer regarding a discovery plan and file a proposed discovery plan and exchange mandatory initial disclosures within 15 days after said conference.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, June 13, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE