**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JOYCE LONEY, PRO SE | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 7:13-cv-00093-BR |
| | ) | |
| v. | ) | |
| | ) | |
| GE CAPITAL RETAIL BANK, HILCO | ) | |
| RECEIVABLES LLC, APEX FINANCIAL | ) | |
| MANAGEMENT LLC, EQUABLE ASCENT | ) | |
| FINANCIAL, LLC, MIDLAND CREDIT | ) | |
| MANAGEMENT, INC., EQUIFAX | ) | |
| INFORMATION SERVICES LLC, EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., and | ) | |
| TRANS UNION LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEFENDANT MIDLAND CREDIT
MANAGEMENT, INC. TO PLAINTIFF'S COMPLAINT**

Defendant, Midland Credit Management, Inc. ("MCM"), submits its Answer and

Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In submitting its Answer and Defenses to the Complaint, MCM states that it is

responding to the Complaint for on behalf of itself only, even where Plaintiff's allegations refer

to alleged conduct of entities other than MCM. Further, MCM denies all allegations contained in

the unnumbered paragraphs and headings in the Complaint, and specifically denies any

allegations in the Complaint that have not been otherwise specifically addressed herein,

including any legal conclusions to which a response may be required.

## <u>ANSWER</u>

In response to the specific enumerated paragraphs in the Complaint, MCM responds as follows:

1.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies those allegations.

2.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

3.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7.     MCM admits that it is a foreign corporation with its principal place of business in San Diego, California.  MCM admits that it is registered with the North Carolina Department of Insurance and that it may be served through its registered agent, Corporation Service Company, at 327 Hillsborough Street, Raleigh, North Carolina  27601.  MCM denies the remaining allegations in Paragraph 7 to the extent they call for a legal conclusion.

8.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9.     MCM is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

16.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17.     MCM admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies those allegations.

18.     MCM admits that venue is proper in this Court.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies those allegations.

19.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies those allegations.

21.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

25.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31.     MCM is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 31 and, therefore, denies those allegations.

32.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies those allegations.

34.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies those allegations.

35.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies those allegations.

36.     MCM admits that it reported a Plaintiff's account to the credit bureaus.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies those allegations.

37.     MCM denies the allegations in Paragraph 37.

38.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies those allegations.

39.     MCM states that the terms and provisions of North Carolina General Statute § 75-1.1 referenced in Paragraph 39 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or takes out of context the provision cited, the allegations are denied.

40.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, including all subparts, and, therefore, denies those allegations.

41.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies those allegations.

42.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies those allegations.

44.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies those allegations.

45.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies those allegations.

46.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies those allegations.

47.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies those allegations.

48.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies those allegations.

49.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies those allegations.

50.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies those allegations.

51.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies those allegations.

52.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies those allegations.

53.     MCM is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 53 and, therefore, denies those allegations.

54.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies those allegations.

55.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies those allegations.

56.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies those allegations.

57.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies those allegations.

58.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies those allegations.

59.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies those allegations.

60.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies those allegations.

61.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies those allegations.

62.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies those allegations.

63.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies those allegations.

64.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies those allegations.

65.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies those allegations.

66.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies those allegations.

67.      MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies those allegations.

68.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies those allegations.

69.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies those allegations.

70.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies those allegations.

71.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies those allegations.

72.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies those allegations.

73.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies those allegations.

74.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies those allegations.

75.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies those allegations.

76.     MCM is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 76 and, therefore, denies those allegations.

77.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies those allegations.

78.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies those allegations.

79.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies those allegations.

80.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies those allegations.

81.     MCM denies the allegations in Paragraph 81 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and, therefore, denies those allegations.

82.     MCM denies the allegations in Paragraph 82 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and, therefore, denies those allegations.

83.     MCM denies the allegations in Paragraph 83 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, therefore, denies those allegations.

84.     MCM denies the allegations in Paragraph 84 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and, therefore, denies those allegations.

85.     MCM denies the allegations in Paragraph 85 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 85 and, therefore, denies those allegations.

86.     MCM denies the allegations in Paragraph 86 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and, therefore, denies those allegations.

87.     MCM denies the allegations in Paragraph 87 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and, therefore, denies those allegations.

88.     MCM denies the allegations in Paragraph 88 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, therefore, denies those allegations.

89.     MCM denies the allegations in Paragraph 89 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and, therefore, denies those allegations.

90.     MCM denies the allegations in Paragraph 90 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and, therefore, denies those allegations.

91.     MCM denies the allegations in Paragraph 91 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and, therefore, denies those allegations.

92.     MCM denies the allegations in Paragraph 92, including all subparts, as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, including all subparts, and, therefore, denies those allegations.

93.     MCM denies the allegations in Paragraph 93 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and, therefore, denies those allegations.

94.     MCM denies the allegations in Paragraph 94 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and, therefore, denies those allegations.

95.     MCM denies the allegations in Paragraph 95 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 and, therefore, denies those allegations.

96.     MCM denies the allegations in Paragraph 96 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 and, therefore, denies those allegations.

97.     MCM denies the allegations in Paragraph 97 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 and, therefore, denies those allegations.

98.     MCM denies the allegations in Paragraph 98 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 and, therefore, denies those allegations.

99.     MCM denies the allegations in Paragraph 99 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and, therefore, denies those allegations.

100.    MCM states that the terms and provisions of 47 U.S.C. § 227(b)(1)(B) referenced in Paragraph 100 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or

takes out of context that provision of the FCCPA, the allegations are denied. MCM denies the remaining allegations in Paragraph 100.

101. MCM states that the terms and provisions of 47 U.S.C. § 227(b)(1)(A)(iii) referenced in Paragraph 101 speak for themselves, and to the extent that Plaintiff misquotes, misconstrues, misstates, or takes out of context that provision of the FCCPA, the allegations are denied. MCM denies the remaining allegations in Paragraph 101.

102. MCM denies the allegations in Paragraph 102 as they pertain to MCM. MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 and, therefore, denies those allegations.

103. MCM denies the allegations in Paragraph 103 as they pertain to MCM. MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and, therefore, denies those allegations.

104. MCM denies the allegations in Paragraph 104 as they pertain to MCM. MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and, therefore, denies those allegations.

105. MCM denies the allegations in Paragraph 105 to the extent they call for a legal conclusion.

106. MCM denies the allegations in Paragraph 106 to the extent they call for a legal conclusion.

107. MCM denies the allegations in Paragraph 107 as they pertain to MCM. MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 and, therefore, denies those allegations.

108. MCM denies the allegations in Paragraph 108 as they pertain to MCM. MCM is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 and, therefore, denies those allegations.

109.    MCM denies the allegations in Paragraph 109 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 and, therefore, denies those allegations.

110.    MCM denies the allegations in Paragraph 110 as they pertain to MCM.  MCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 and, therefore, denies those allegations.

108. (sic)        MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, denies those allegations.

109. (sic)        MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, therefore, denies those allegations.

110. (sic)        MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, therefore, denies those allegations.

111.    MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, denies those allegations.

112.    MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, therefore, denies those allegations.

113.    MCM states that the terms and provisions of the FCRA referenced in Paragraph 113 speak for themselves, and to the extent that Plaintiff misquotes, misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

114.    MCM states that the terms and provisions of 15 U.S.C. § 1681i(a) referenced in Paragraph 114 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or

takes out of context the provisions cited, the allegations are denied.

115. MCM states that the terms and provisions of 15 U.S.C. §§ 1681g and 1681h referenced in Paragraph 115 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

116. MCM states that the terms and provisions of the FCRA referenced in Paragraph 116 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

117. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, therefore, denies those allegations.

118. MCM states that the terms and provisions of 15 U.S.C. § 1681i(a) referenced in Paragraph 118 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

119. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and, therefore, denies those allegations.

120. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and, therefore, denies those allegations.

121. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and, therefore, denies those allegations.

122. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and, therefore, denies those allegations.

123. MCM states that the terms and provisions of 15 U.S.C. § 1681n referenced in Paragraph 123 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

124.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, therefore, denies those allegations.

125.     MCM states that the terms and provisions of 15 U.S.C. § 1681n referenced in Paragraph 125 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

126.     MCM states that the terms and provisions of 15 U.S.C. § 1681d referenced in Paragraph 126 speak for themselves, and to the extent that Plaintiff misquotes, misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

127.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, therefore, denies those allegations.

128.     MCM states that the terms and provisions of 15 U.S.C. § 1681d referenced in Paragraph 128 speak for themselves, and to the extent that Plaintiff misquotes, misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

129.     MCM states that the terms and provisions of 15 U.S.C. § 1681d referenced in Paragraph 129 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

130.     MCM states that the terms and provisions of 15 U.S.C. § 1632 referenced in Paragraph 130 speak for themselves, and to the extent that Plaintiff misquotes, misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

131.     MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, therefore, denies those allegations.

132.     MCM states that the terms and provisions of 15 U.S.C. § 1681o referenced in Paragraph 132 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or

takes out of context the provisions cited, the allegations are denied.

133. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, therefore, denies those allegations.

134. MCM states that the terms and provisions of 15 U.S.C. § 1681o referenced in Paragraph 134 speak for themselves, and to the extent that Plaintiff misconstrues, misstates, or takes out of context the provisions cited, the allegations are denied.

135. MCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, therefore, denies those allegations.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, MCM pleads the following defenses to Plaintiff's Complaint. MCM reserves the right to assert additional defenses that it learns through the course of discovery.

## First Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim against MCM upon which relief can be granted.

## Second Defense

MCM reserves the right to compel arbitration under any and all applicable arbitration agreements.

## Third Defense

Plaintiff's claims should be dismissed because MCM did not violate any provisions of the Fair Debt Collection Practices Act ("FDCPA").

## Fourth Defense

Plaintiff's claims should be dismissed because MCM did not violate any provisions of the

North Carolina Debt Collection Act ("NCDCA").

## Fifth Defense

Plaintiff's claims should be dismissed because MCM did not violate any provisions of the North Carolina Collection Agency Act ("NCCAA").

## Sixth Defense

Plaintiff's claims should be dismissed because MCM did not violate any provisions of the Telephone Consumer Protection Act ("TCPA").

## Seventh Defense

MCM asserts the consent to communications provision of Plaintiff's credit card agreement.

## Eighth Defense

Plaintiff's claims should be dismissed because any alleged violations of the FDCPA, the NCDCA, the NCCAA, and the TCPA by MCM were the result of a *bona fide* error, were unintentional, and resulted notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

## Ninth Defense

Plaintiff's claims should be dismissed to the extent that MCM acted in good faith in conformity with any advisory opinion of the Federal Trade Commission.

## Tenth Defense

MCM has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

## Eleventh Defense

Plaintiff has not alleged any injury in fact.

## Twelfth Defense

Plaintiff has not sustained damages and does not have standing to assert any of the causes of action asserted in the Complaint.

## Thirteenth Defense

Plaintiff has failed to mitigate her damages, if any.

## Fourteenth Defense

Any damages allegedly sustained by Plaintiff were not proximately caused by an act or omission of MCM.

## Fifteenth Defense

At all material times, MCM complied with any and all applicable statutory and regulatory provisions of the FDCPA, NCDCA, NCCAA, and the TCPA.

## Sixteenth Defense

At all times, MCM acted in good faith and without malice or intent to injure Plaintiff or to violate federal or state law.

## Seventeenth Defense

MCM did not make false representations or engage in deceptive practices in connection with the collection of an alleged debt from Plaintiff.

## Eighteenth Defense

Any action taken or omitted by MCM (this being expressly denied in any event) was taken or omitted in good faith and in conformity with legal precedent.

## Nineteenth Defense

MCM acted reasonably at all times pertinent to this action.

## Twentieth Defense

MCM asserts and avers herein all defenses and limitations of remedy available to it under the FDCPA, NCDCA, NCCAA, TCPA, and/or any other statute applicable to MCM in this case.

## Twenty-First Defense

MCM denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

WHEREFORE, having fully answered Plaintiff's Complaint, MCM prays for judgment as follows:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with costs taxed against Plaintiff;

(2) that the claims against MCM be dismissed;

(3) that MCM recover from Plaintiff its expenses of litigation, including attorneys' fees; and

(4) that MCM recover such other and additional relief as the Court deems proper.

Respectfully submitted this 21st day of June, 2013.


/s/  *David Guidry*
David G. Guidry
North Carolina Bar No. 38675
***Attorney for Defendant***
***Midland Credit Management, Inc.***
KING & SPALDING LLP
100 North Tryon Street, Suite 3900
Charlotte, North Carolina  28202
Tel:  (704) 503-2600
Fax: (704) 503-2622
dguidry@kslaw.com
L.R. 83.1 Counsel

K. Ann Broussard
**Attorney for Defendant**
**Midland Credit Management, Inc.**
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel:  404-215-5725
abroussard@kslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **ANSWER AND DEFENSES OF DEFENDANT MIDLAND CREDIT MANAGEMENT, INC. TO PLAINTIFF'S COMPLAINT** via the Court's CM/ECF system which will send notification of such filing to CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to the individuals who are unable to receive notification through the Court's system:

Joyce Loney, pro se  [served via first class mail]
407 E. Oak Island Dr.
Oak Island, NC 28465

Lisa W. Arthur
Lisa.arthur@smithmoorelaw.com
Smith Moore Leatherwood, LLP
300 North Greene St., Suite 1400
Greensboro, NC 27401

Travis W. Martin
Travis.martin@smithmoorelaw.com
Smith Moore Leatherwood, LLP
300 North Greene St., Suite 1400
Greensboro, NC 27401

William Jacob Long , IV
jlong@burr.com
Burr & Forman, LLP
3100 Washovia Tower
420 North Twentieth St.
Birmingham, AL 35203

Geoffrey S. Rooker
scott.rooker@strasburger.com
Strasburger & Price LLP
2801 Network Boulevard, Suite 600
Frisco, TX 75034

Joseph W. Williford
jww@youngmoorelaw.com
Young, Moore & Henderson, P.A.
3101 Glenwood Ave., Suite 200
Raleigh, NC 27622

Julian H. Wright , Jr.
jwright@rbh.com
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St.
Suite 1900, Independence Ctr.
Charlotte, NC 28246-1900

Nathan C. Chase , Jr.
nchase@rbh.com
Robinson Bradshaw & Hinson, P.A.
101 N. Tryon St., Suite 1900
Charlotte, NC 28246

This 21st day of June, 2013.

/s/ *David Guidry*

David G. Guidry
North Carolina Bar No. 38675
**Attorney for Defendant**
**Midland Credit Management, Inc.**
KING & SPALDING LLP
100 North Tryon Street, Suite 3900
Charlotte, North Carolina  28202
Tel:  (704) 503-2600
Fax: (704) 503-2622
dguidry@kslaw.com
L.R. 83.1 Counsel