UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:13-CV-00093-BR

| | |
|---|---|
| JOYCE LONEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GE CAPITAL RETAIL BANK, et al., )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on the motions to dismiss of defendants Trans Union LLC ("Trans Union"), Hilco Receivables, LLC ("Hilco"), Apex Financial Management, LLC ("Apex"), and Equable Ascent Financial, LLC ("EAF"). (DE ## 12, 17.) Plaintiff filed a response in opposition to the joint motion of Hilco, Apex, and EAF.[1] (DE # 34.) Those movants filed a reply to plaintiff's response. (DE # 37.)

On 8 May 2013, defendants removed this action to this court from North Carolina state court. Plaintiff is proceeding *pro se*, and in the complaint, she alleges a number of federal and state law claims arising out of the reporting and collection of a credit card debt plaintiff allegedly owed defendant GE Capital Retail Bank. (See DE # 1-3.) Since the filing of the instant motions to dismiss, plaintiff has stipulated to, and the court has ordered, the dismissal of plaintiff's claims against some of the defendants, including Trans Union. (DE ## 32, 33, 35, 36, 38-41.) The remaining defendants are Hilco, Apex, EAF, and Midland Credit Management, Inc.

---

[1] Plaintiff's response was filed outside the deadline set forth in the Clerk's letter issuing notice of the motion to her. Although the court will consider this untimely response, the court admonishes plaintiff that in the future, she must comply with the Federal Rules of Civil Procedure, the local rules of this court, and any deadline set by the court.

Because plaintiff's claims against Trans Union have been dismissed, Trans Union's motion to dismiss is DENIED as moot.

Turning to Hilco, Apex, and EAF's motion to dismiss, these defendants contend that plaintiff's complaint should be dismissed in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The thrust of defendants' argument is that plaintiff has not alleged sufficient facts to support her claims and has failed to plead the elements of many of her claims. (See Mem., DE # 18, at 1-2.) In her response to the motion to dismiss, plaintiff further specifies her factual and legal allegations against these defendants. The court agrees with defendants that it should not look beyond plaintiff's complaint to determine whether she has stated any claims. (See Reply, DE # 37, at 2-3.) However, given that discovery has been stayed during the pendency of the motion to dismiss and prejudice to defendants is not obvious, plaintiff should be given the opportunity to cure any deficiencies in her pleading and clarify her remaining claims. The court will permit plaintiff to file an amended complaint. See Willis v. Greenville Cnty. Disabilities, Civil Action No. 6:10-697-RBH-BHH, 2010 WL 2044708, at *2 (D.S.C. May 3, 2010) (memorandum and recommendation) (in face of defendant's argument that plaintiff's complaint should be dismissed for failure to state a claim in keeping with the requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), recognizing court's preference for "allow[ing] the plaintiff to cure any deficiency in the pleading through amendment"), adopted, 2010 WL 2044704 (D.S.C. May 21, 2010). In the amended complaint, plaintiff should name as defendants only those defendants who have not been dismissed and provide sufficient factual and legal allegations to support all her claims against those defendants. Plaintiff is warned that in the future, the court will not

consider any allegations that are outside of the amended complaint.

Accordingly, defendants Hilco, Apex, and EAF's motion to dismiss is DENIED WITHOUT PREJUDICE. Plaintiff shall file an amended complaint on or before 23 September 2013.

This 23 August 2013.

                                        W. Earl Britt
                                        Senior U.S. District Judge