RECEIVED
SEP 24 2013
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-93-BR

| | |
|---|---|
| JOYCE LONEY | ) PLAINTIFFS' FIRST AMENDED |
| Plaintiff, | ) § ORIGINAL COMPLAINT |
| vs. | ) |
| GE CAPITAL RETAIL BANK, HILCO RECEIVABLES LLC., APEX FINANCIAL MANAGEMENT LLC., EQUABLE ASCENT FINANCIAL, LLC., MIDLAND CREDIT MANAGEMENT, INC, EQUIFAX INFORMATION SERVICES, LLC., EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC | ) |
| Defendants' | |

## AMENDED COMPLAINT

COMES NOW, Plaintiff Joyce Loney, (hereinafter "Plaintiff") for her Complaint against the Defendant Midland Credit Management, Inc. only, hereinafter ('MCM") all other Defendant's' have settled and are no longer a part of this Complaint, and states as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N. C. Gen. Stat. §75-50 et seq., and the invasion of Plaintiff's personal privacy by the Defendants and their agents and their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in this Court under N.C.G.S. §1-75.4 and §1-75.8, U.S.C. §1692k(d), 28 U.S.C. §1367(a) and U.S.C. §1331.

3. Venue is proper in this Court under N.C.G.S. §§1-79, -82, where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and or where Defendant's transacts business in this district.

**PARTIES**

4. The Plaintiff, Joyce Loney, hereinafter ("Plaintiff"), is a natural person who at all times resided in the State of North Carolina, and is a citizen and resident of Brunswick County, North Carolina.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3), N.C. Gen. Stat. §58-70-90(2) and N.C. Gen. Stat. §75-50(1)

6. Defendant (" MCM") of North Carolina, Inc, et seq. hereinafter ("MCM") may be served via registered mail to their Corporate address, 3111 Camino Del Rio, N., San Diego, CA 92108 ("MCM") regularly collects debts in the State of North Carolina, including Brunswick County.

7. Defendant (" MCM") is registered to do so with the North Carolina Department of Insurance.

**ALLIGATIONS APPLICABLE TO ALL COUNTS**

9. Defendant never validated the alleged disputed debt.

10. Defendant never notified the (3) Credit Bureaus that Plaintiff disputed the alleged debt.

11. Defendant continued to call Plaintiff to collect the alleged debt even though they were notified to cease and desist all telephone calls.

12. Defendant placed approximately (5) five telephone calls to the Plaintiff's cellular telephone, using an automatic telephone dialing system or an artificial or prerecorded voice, and several times a live collection agent discussed the alleged debt.

13. Defendant did not obtain express consent from Plaintiff prior to placing the subject calls to Plaintiffs cellular telephone.

14. Defendant did not place the subject telephone calls to Plaintiffs telephone for an emergency purpose.

15. Defendant placed the aforementioned telephone calls to Plaintiffs telephone knowingly and/or willfully with an auto dialer or an artificial or prerecorded voice.

16. Plaintiff prepays for her cellular telephone minutes from a:"bucket of minutes" cell phone plan. Defendant, by placing subject telephone calls to Plaintiffs telephone, caused Plaintiff to exhaust minutes from her cell phone plan, thereby forcing Plaintiff to incur costs directly attributable to the subject telephone calls.

17. All telephone calls failed to identify the state registered business name of the caller at the beginning of each message.

18. Defendant used caller ID spoofing on all calls to Plaintiffs cellular telephone.

19. Because of Defendant actions, Plaintiff has suffered anxiety, frustration, and inconvenience in attempting to resolve this matter.

## CAUSE OF ACTION

### COUNT ONE – Fair Debt Collection Practices Act ("FDCPA")

20. The allegations of the proceeding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

21. The forgoing acts and omissions by the Defendant constitute violations of the Fair Debit Collection Practices Act, which include, but are not limited to, the following:

22. Defendant ("MCM"), violated 15 U.S.C. Section 1692d by engaging in conduct the natural consequences of which was to harass, oppress or abuse Plaintiff in connection with the collection of an alleged debt.

23. Defendant violated 15 U.S.C. section 1692f engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt.

24. Defendant violated 15 U.S.C. section 1692e, by making a false deceptive or misleading representation or means in connection with the debt collection.

25. Defendant violated U.S.C. Section 1692e(5), by threatening to take action that was not intended to be taken.

25. Defendant violated 15 U.S.C. Section 1692e(10), by making a false representation or by using deceptive means to collect a debt or obtain information about a consumer.

27. Defendant reported this alleged debt to all (3) three credit bureaus without ever validating the alleged debt.

## SECOND CAUSE OF ACTION

## VIOLATION OF FAIR CREDIT REPORT ACT ("FCRA")

28. The allegations of the proceeding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

29. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2., there is a duty of Furnishers of Information to Provide Accurate Information and furnishers shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

30. Defendant (" MCM") , had reasonable cause to believe the information provided to the Credit Bureaus was inaccurate because Plaintiff notified (" MCM") ., that he disputed the alleged debt. As a direct result of (" MCM") violation of The Fair Credit Report Act, Plaintiff has been damaged in the amount of $10,000.

31. Defendant (" MCM") conduct violated 15 U.S.C. 1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed

information was inaccurate. Because of the conduct actions and inactions of Defendant ("MCM") Plaintiff suffered actual damages.

32. Defendant conduct, actions and inactions are willful, rendering Defendant ("MCM") liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant ("MCM") is negligent entitling Plaintiff to recover under 15 U.S.C. § 1681n and §1681o.

33. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

34. Defendant conduct violated 15 U.S.C. 1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate or record the current status of disputed information or delete the item from Plaintiff's credit file.

35. Because of this conduct, actions and inactions of the Defendant, Plaintiff suffered actual damages.

36. Defendant improperly reported Plaintiff to the debt collection service.

37. Defendant ("MCM") demanded payment in full and if Plaintiff did not pay this alleged debt threatened to insert this alleged debt to all three credit bureaus, of which they did.

### THIRD CAUSE OF ACTION

### VIOLATION OF NCDCA

**Violations of the North Carolina Prohibited Practices by Debt Collectors N.C. Gen. Stat. §75-50, et. seq.**

38. The allegations of the proceeding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

39. Defendant asserted the right to collect an alleged debt by leaving telephone messages for Plaintiff without disclosing a name, that they were a debt collector and the purpose of their communications, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and done when Defendant knew it did not have a legal right to use such collection techniques in violation of NCDCA in one or more of the following ways:

40. Caused the telephone to ring or engaging Plaintiff in a conversation repeatedly and continuously with the intent to annoy, abuse or harass.

41. Falsely representing the character, extent or amount of an alleged debt against a consumer or its status in any legal proceeding in violation N.C. Gen. Stat. §75-54, and

42. By acting in an otherwise deceptive, unfair, and unconscionable manner and failing to comply with NCDCA.

43. The Plaintiff is entitled to recover actual damages, statutory damages pursuant to N.C. Gen. Stat. §75-56(b)., costs and attorney's fees from Defendant', and such other or further relief as the Court deems proper.

## FOURTH CAUSE OF ACTION

## VIOLATION TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

44. The allegations of the proceeding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

46. The Defendant (" MCM") is in willful violation of the Federal Telephone Consumer Protection Act 47 U.S.C. §227 et. seq.

47. Defendant (" MCM") did not furnish Plaintiff with a "DO NOT CALL" list. 47 CFR 64.1200(e)(2)(i).

[Pleading Title] - 6

Case 7:13-cv-00093-BR   Document 44   Filed 09/24/13   Page 6 of 11

48. Defendant ("MCM") did not provide Plaintiff with a written copy of Defendant's company "Do Not Call policy. 47 CFR 64-1200(e)(2).

49. Defendant ("MCM") refused to identify the caller's name, company name, street address, or telephone number. 47 CFR 64-1200(e)(2)(i).

50. 47 U.S.C. §227(b)(1)(B) prohibits Defendant ("MCM") from initiating a telephone call to Plaintiff's cellular telephone "Using an artificial or prerecorded voice to deliver a message without prior consent of the called "party".

51. Defendant ("MCM") willfully violated the Act by placing 5 or more calls to the Plaintiff's cellular telephone number.

52. Pursuant to 47 U.S.C. §227(b)(1)(A)(iii), it is unlawful for any person "to make any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service".

53. Defendant ("MCM") willfully violated the Act by placing 5 or more such calls to the Plaintiff's cellular telephone number.

54. Defendant ("MCM") is in violation of 47 U.S.C. 227(d)(3)(A), transmitted to Plaintiff a prerecorded voice message via telephone (1) without clearly stating, at the beginning of the message, identity of the business, individual, or entity initiating the call, and (i) without, during or after the message clearly stating the telephone number or address of such business other entity, or individual.

55. Furthermore, the automated telephone calls from Defendant ("MCM") did not automatically release the Plaintiff's line "within 5 seconds of the time notification was transmitted to the system that the called party had hung up, to allow the party's lines to be used to make or receive calls". U.S.C. §227(d)(3)(B).

56. The actions and conduct of the Defendant ("MCM") were and are willful violations of 47 U.S.C. §227 et seq., and Defendant are liable for damages in the amount of $500.00 for each violation, and because Defendant ("MCM") willfully and knowingly violated

the TCPA, such damages may be increased to an amount to not more than (3) three times in the amount awarded, plus legal fees and expenses.

## FIFTH CAUSE OF ACTION

### VIOLATION OF INTRUSION UPON SECLUSION INVASION OF PRIVACY

57. "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns, is subject to liability to the other for invasion of her privacy, if the intrusion would be highly offensive to a reasonable person."

The tort addresses acts of intrusion and other interferences with a victim's "zone of privacy." This is an actionable form of invasion of privacy. The tort of inclusion upon seclusion makes it unlawful to "intentionally intrude, physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns .The intrusion would be highly offensive to a reasonable person." Defendant may be liable even if the information reviewed or obtained is not shared with others.

FIRST, Defendant did not have authorization, and **intentionally invaded the private affairs** of the Plaintiff. Defendant intrusion takes the form of a "physical trespass. Defendant physically entered Plaintiffs private property by electronic intrusion to obtain private information that was shared with others.

SECOND, the invasion of Plaintiffs private life was **offensive to a reasonable person**.

THIRD, the matter that the Defendant intruded upon Plaintiff involves a **private matter**; Defendant intruded into Plaintiffs seclusion in a place where he expected privacy.

FOURTH, the intrusion has **caused mental anguish and suffering** to the plaintiff whose privacy was invaded. This suffering caused surprise, fright, and anger at having been disturbed. The surreptitious invasions came from the plaintiff finding out, after the fact, that her privacy had been invaded. The degree of anguish or suffering the plaintiff experienced will determine the amount of damages he is entitled to if the other elements of an intrusion claim are established.

# SIXTH CAUSE OF ACTION

## **DEFAMINATION of CHARACTHER**

58. Defendant, (" MCM") reported Plaintiffs' credit history inaccurately, causing defamation, financial injury. Extent of damages incurred by the wronged party as deemed by the courts.

59. Defendant (" MCM") failed to maintain "reasonable procedures to assure maximum possible accuracy" of Plaintiff's credit report. *See* 15 U.S.C. § 1681e(b).

60. Defendant, (" MCM") negligently and willfully violated 15 U.S.C. § 1681i(a) by not promptly deleting information found upon investigation to be inaccurate or unverifiable.

61. Defendant, (" MCM") negligently and willfully violated 15 U.S.C. § 1681i(d) by failing to provide sufficiently conspicuous notice of Plaintiff's right to have her corrected credit report sent to creditors who had made inquiries.

62. Defendant, (" MCM") has libeled Plaintiff by publishing false reports "with reckless disregard of whether [they were] false or not after Plaintiff made known to Equifax, Experian and Trans Union that the reports had inaccuracies in them."

63. Plaintiff has suffered mental anguish and is entitled to actual damages, punitive damages, and attorney's fees for willful violations of FCRA.

64. Defendant, (" MCM") "knowingly and intentionally committed an act in conscious disregard for the rights of others, The Defendant who engaged in "willful misrepresentations or concealments" have committed a willful violation and are subject to punitive damages under § 1681n.

65. Punitive damages are proper when a collection agency concealed some or all information reported to a credit agency, has acted willfully in noncompliance and has failed to investigate adequately and failed to correct inaccurate information in the plaintiff's credit

reports and did not meet the prompt deletion requirement.

66. Section 1681n authorizes the court to award actual damages, punitive damages, and reasonable attorney's fees when the reporting agency has willfully failed to comply with any of FCRA's requirements. To be found in willful noncompliance, Defendant must have "knowingly and intentionally committed an act in conscious disregard for the rights of others."

67. Defendant, (" MCM") has exhibited ill will toward the plaintiff and refused to fix the problem and has conspicuously acted to thwart Plaintiff's right to have inaccurate information removed promptly from her report. The willful noncompliance is erroneous.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)1(1) against Defendant;

2. Statutory damages of $1000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant:

3 Cost of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. §75.16.1:

5. Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) & (C);

6. Actual damages from Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violation and

intentional, reckless, and/or negligent invasion of privacy in an amount to be determined at trial for the Plaintiff; and demands judgment for actual, statutory and punitive damages against the Defendant, jointly and severally, for attorney's fees and cost, for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Respectfully submitted,

Sept. 21 2013

JOYCE LONEY

*/s/ Joyce Loney*

Joyce Loney, PRO SE
407 E. OAK ISLAND DR.
OAK ISLAND, NC 28465
910-470-1500
Email: jloney2012@gmail.com