UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:13-CV-00093-BR

| | | |
|---|---|---|
| JOYCE LONEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
|     Defendant. | ) | |

    This matter is before the court on plaintiff's motion to compel arbitration and to stay these proceedings pending arbitration. (DE # 45.) Defendant, Midland Credit Management, Inc. ("MCM"), did not file a response to the motion.

    Plaintiff filed this action *pro se* in North Carolina state court against MCM and several other defendants, including GE Capital Retail Bank, with whom she had entered into a credit card agreement. On 8 May 2013, defendants removed the action to this court. (DE # 1.) Since the filing of plaintiff's original complaint, plaintiff has stipulated to, and the court has ordered, the dismissal of plaintiff's claims against all defendants except MCM. In the meantime, plaintiff has been allowed to amend her complaint. She claims that MCM, as an entity regularly collecting debts, violated the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Telephone Consumer Protection Act, and various state laws. (Am. Compl., DE # 44.) Plaintiff now moves to compel MCM to submit to arbitration pursuant to the terms of her credit card agreement with GE Capital Retail Bank ("Agreement") and the Federal Arbitration Act.

    This situation appears to be governed by the terms of the Agreement. The Agreement provides in relevant part that "[i]f either you or we make a demand for arbitration, you and we must arbitrate any dispute or claim between you . . . and us, our affiliates, agents and/or

dealers/merchant/retailers [sic] that accept the card or program sponsors if it relates to your account." (Mot., Ex. A, DE # 45-1.) Given the terms of the Agreement and MCM's lack of opposition, plaintiff's motion to compel arbitration and stay proceedings is GRANTED. The clerk is DIRECTED to close the case subject to it being reopened upon a party's appropriate motion and order of the court.

This 22 January 2014.

_____
W. Earl Britt
Senior U.S. District Judge